# NO. 12-12-00173-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE STATE OF TEXAS FOR* | § | *APPEAL FROM THE* |
| *THE BEST INTEREST AND* | § | *COUNTY COURT AT LAW* |
| *PROTECTION OF C.D.* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

C.D. appeals from an order authorizing the Texas Department of State Health Services (the Department) to administer psychoactive medication-forensic. In one issue, C.D. asserts the evidence is legally and factually insufficient to support the trial court's order. We reverse and render.

## Background

On April 26, 2012, Dr. Satyajeet Lahiri signed an application for an order to administer psychoactive medication-forensic to C.D. In the application, Lahiri stated that C.D. was subject to an order for inpatient mental health services issued under Chapter 46B (incompetency to stand trial) of the Texas Code of Criminal Procedure. He testified that C.D. had been diagnosed with delusional disorder, and requested the trial court to compel C.D. to take nine psychoactive medications: an antidepressant, an anxoilytic/sedative/hypnotic, four antipsychotics, two mood stabilizers, and a miscellaneous psychoactive drug. According to Lahiri, C.D. refused to take the medications voluntarily and, in his opinion, C.D. lacked the capacity to make a decision regarding administration of psychoactive medications because she was delusional with themes of conspiracy, and lacked insight into her mental illness.

Lahiri concluded that these medications were the proper course of treatment for C.D. and that, if she were treated with the medications, her prognosis would be fair with resolution of her

psychotic symptoms and restoration of competency. Lahiri believed that, if C.D. were not administered these medications, the consequences would be poor with no resolution of her psychotic symptoms. Lahiri considered other medical alternatives to psychoactive medication, but determined that those alternatives would not be as effective. He believed the benefits of the psychoactive medications outweighed the risks in relation to present medical treatment and C.D.'s best interest. Lahiri also considered less intrusive treatments likely to secure C.D.'s agreement to take psychoactive medication.

On May 1, 2012, the trial court held a hearing on the application. At the hearing, C.D. was allowed to proceed pro se. At the close of the evidence, the trial court granted the application. On May 1, 2012, after considering all the evidence, including the application and the expert testimony, the trial court found that the allegations in the application were true and correct and supported by clear and convincing evidence. Further, the trial court found that treatment with the proposed medication was in C.D.'s best interest and that C.D. lacked the capacity to make a decision regarding administration of the medication. The trial court authorized the Department to administer psychoactive medications to C.D., including antidepressants, antipsychotics, mood stabilizers, atypical-antipsychotics, miscellaneous psychoactive drugs, and anxiolytics/sedatives/hypnotics. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In her sole issue, C.D argues that the evidence is legally and factually insufficient to support the trial court's order to administer psychoactive medication-forensics. More specifically, C.D. contends that the State failed to prove, by clear and convincing evidence, that she lacked the capacity to make a decision regarding administration of medication and that treatment with the proposed medications was in her best interest.

## Standard of Review

In a legal sufficiency review where the burden of proof is clear and convincing evidence, we must look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its findings were true. *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). We must assume that the fact finder settled disputed facts in favor of its finding if a reasonable fact finder could do so and disregard all

2

evidence that a reasonable fact finder could have disbelieved or found incredible. *Id.* This does not mean that we are required to ignore all evidence not supporting the finding because that might bias a clear and convincing analysis. *Id.*

The appropriate standard for reviewing a factual sufficiency challenge is whether the evidence is such that a fact finder could reasonably form a firm belief or conviction about the truth of the petitioner's allegations. *In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). In determining whether the fact finder has met this standard, we consider all the evidence in the record, both that in support of and contrary to the trial court's findings. *Id.* at 27-29. Further, we must consider whether disputed evidence is such that a reasonable fact finder could not have reconciled that disputed evidence in favor of its finding. *In re J.F.C.*, 96 S.W.3d at 266. If the disputed evidence is so significant that a fact finder could not reasonably have formed a firm belief or conviction, the evidence is factually insufficient. *Id.*

## Order to Administer Psychoactive Medication

A trial court may issue an order authorizing the administration of one or more classes of psychoactive medications to a patient who is under a court order to receive inpatient mental health services. TEX. HEALTH & SAFETY CODE ANN. § 574.106(a) (West 2010). The court may issue an order if it finds by clear and convincing evidence after the hearing that (1) the patient lacks the capacity to make a decision regarding the administration of the proposed medication, and (2) treatment with the proposed medication is in the best interest of the patient. *Id.* § 574.106(a-1). "Clear and convincing evidence" means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979). "Capacity" means a patient's ability to (1) understand the nature and consequences of a proposed treatment, including the benefits, risks, and alternatives to the proposed treatment, and (2) make a decision whether to undergo the proposed treatment. TEX. HEALTH & SAFETY CODE ANN. § 574.101(1) (West 2010). In making its findings, the trial court shall consider (1) the patient's expressed preferences regarding treatment with psychoactive medication, (2) the patient's religious beliefs, (3) the risks and benefits, from the perspective of the patient, of taking psychoactive medication, (4) the consequences to the patient if the psychoactive medication is not administered, (5) the prognosis for the patient if the patient is treated with psychoactive medication, (6) alternative,

3

less intrusive treatments that are likely to produce the same results as treatment with psychoactive medication, and (7) less intrusive treatments likely to secure the patient's agreement to take the psychoactive medication. TEX. HEALTH & SAFETY CODE ANN. § 574.106(b) (West 2010).

**Analysis**

At the hearing on the application, Lahiri testified that he was C.D.'s treating physician and that C.D. was currently under a Chapter 46B order for court-ordered inpatient mental health services. He also stated that he completed the application for an order to administer psychoactive medication-forensic and swore that all the statements in the application were true and correct. Lahiri stated that C.D. was suffering from a delusional disorder, and that she had verbally refused to accept medication voluntarily. According to Lahiri, he believed that C.D. lacked the capacity to make a decision regarding the administration of psychoactive medication because she was delusional with themes of conspiracy, and lacked insight into her mental illness. He agreed that C.D. has been charged with two misdemeanor offenses, including harassment and making a false report to a police officer.

Lahiri testified that he had not seen any improvement in C.D.'s mental health since she arrived at the mental health facility. Further, he did not believe that C.D. would improve without medication and that her mental health would likely deteriorate if she is not treated with psychoactive medications. According to Lahiri, C.D. had a history of mental illness. He stated that C.D.'s competency would be restored faster if these medications were used. Further, he testified that treatment with the medications set forth in the exhibit attached to the application was the proper course of treatment for C.D. and was in her best interest. Lahiri stated that if these medications were used, the benefit to C.D. would outweigh the risks. He testified that C.D. is not cooperative in helping the team determine a treatment plan. Lahiri stated that in treatment team meetings, the team has had meaningful conversations only regarding C.D.'s medical problems. However, he stated that the treatment team has made no progress in C.D.'s psychiatric problems because she refuses to acknowledge that she has a mental illness or needs treatment. Lahiri was aware that C.D. was found to be incompetent by a jury.

On cross-examination, Lahiri admitted that he only met C.D. twice. He also stated that he and C.D. discussed finding her competent without using psychoactive medications and

4

acknowledged that the mental health facility had competency classes. However, Lahiri stated that he did not believe C.D. was competent and that psychoactive medications help regain competency. He also knew that C.D. was admitted to Austin State Hospital in March 2011. He was not aware that C.D. contended psychoactive medications led her to be charged with criminal acts.

C.D. testified that she did not believe she should be taking psychoactive medications because they have had an adverse effect on her health, have never helped her, and have "destroyed" her health. She contended that psychoactive medications interfered with her ability to communicate with her civil rights attorney. She believes she was framed after a "break-in," and that she can prove it. C.D. stated that she would like her civil rights attorney to be consulted. She also testified that she would like another opinion because when she was in Austin State Hospital, it was not necessary to give her psychoactive medications. She contended that she knew "all the parts of the players in the courtroom." C.D. stated that she did not want to waive a jury trial and that she wanted to "get a few things on the record" for the trial court to take judicial notice so that she would have a point on appeal. She also claimed that if her civil rights attorney had been contacted or subpoenaed, he would have testified. However, she said, it was difficult for her to communicate with her attorney when she was "intoxicated" on psychoactive medications.

Although Lahiri stated that C.D. lacked the capacity to make a decision regarding the administration of psychoactive medication, he did not explain at the hearing why C.D. lacked such capacity. Lahiri testified that C.D. is not cooperative in determining a treatment plan because she refuses to acknowledge that she has a mental illness or needs treatment. However, he does not explain how C.D.'s refusal to acknowledge her mental illness shows a lack of capacity to decide whether she should be administered psychoactive medication.

We note that nothing in the Texas Health and Safety Code regarding court ordered administration of psychoactive medication authorizes a trial court to base its findings solely on the physician's application. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.101-.110 (West 2010 & Supp. 2012). Pleadings, such as the physician's application here, are not evidence that the statutory standard has been met. *See id.* § 574.031 (West 2010) (stating that the Texas Rules of Evidence apply to the hearing for court ordered mental health services unless the rules are

inconsistent with the subtitle); *In re E.T.*, 137 S.W.3d 698, 700 (Tex. App.—San Antonio 2004, no pet.); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) (noting that, generally, pleadings are not competent evidence, even if sworn or verified). Here, there was no evidence from Lahiri at the hearing regarding why C.D. lacked the capacity to make a decision regarding administration of pyschoactive medications. *See In re E.G.*, 249 S.W.3d 728, 731-32 (Tex. App.—Tyler 2008, no pet.). Further, a conclusory statement by Lahiri in the application, without any testimony or explanation from him at the hearing, cannot produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established. *See Addington*, 588 S.W.2d at 570.

Thus, considering all the evidence in the light most favorable to the findings, we conclude that a reasonable trier of fact could not have formed a firm belief or conviction that C.D. lacked the capacity to make a decision regarding administration of the proposed medications and that treatment with the proposed medications was in her best interest. *See* TEX. HEALTH & SAFETY CODE ANN. § 574.106(a-1); *In re J.F.C.*, 96 S.W.3d at 266. Consequently, the evidence is legally insufficient to support the trial court's findings based upon section 574.106 of the Texas Health and Safety Code. Having determined that the evidence is legally insufficient, we need not address C.D.'s argument that the evidence is factually insufficient to support the trial court's findings. *See* TEX. R. APP. P. 47.1. We sustain C.D.'s sole issue.

## DISPOSITION

Based upon our review of the record, we have concluded that the evidence is legally insufficient to support the trial court's order authorizing the administration of psychoactive medication-forensic. Therefore, we *reverse* the trial court's order authorizing the administration of psychoactive medication-forensic and *render* judgment denying the State's application for an order to administer psychoactive medication-forensic.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 31, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

6



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 31, 2013**

## NO. 12-12-00173-CV

**THE STATE OF TEXAS FOR THE BEST
INTEREST AND PROTECTION OF C.D.**

---

Appeal from the County Court at Law
of Cherokee County, Texas. (Tr.Ct.No. 39,810)

---

THIS CAUSE came to be heard on the appellate record and the briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the trial court's order authorizing the administration of psychoactive medication-forensic.

It is ORDERED, ADJUDGED and DECREED by this court that the trial court's order authorizing the administration of psychoactive medication-forensic be **reversed** and judgment **rendered** denying the State's application for an order to administer psychoactive medication-forensic; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*